**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ERIN ECK, SUSAN ECK, and CHRISTOPHER WINCHESTER,

Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY, STATE FARM MOTOR AUTOMOBILE INSURANCE COMPANY and STATE FARM,

Defendants.

No. 4:26-CV-001142

(Chief Judge Brann)

**MEMORANDUM OPINION**

**SEPTEMBER 22, 2026**

## I. BACKGROUND

On April 2, 2026, Plaintiffs Erin Eck, Susan Eck, and Christopher Winchester ("Plaintiffs") filed a two-count complaint against Defendant State Farm Fire & Casualty Company ("Defendant").

On May 7, 2026, Defendant filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is granted. However, Plaintiff will be provided leave to amend the complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*,[2] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[4]

When deciding a motion to dismiss, a court generally considers only the allegations in the complaint, exhibits attached thereto, and facts of public record.[5] Normally, to go consider anything beyond those sources, a motion to dismiss must

---

1 550 U.S. 544 (2007).
2 556 U.S. 662 (2009).
3 *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
4 *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
5 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

be converted to a motion for summary judgment.[6] But consideration of materials outside the complaint is not completely barred on a 12(b)(6) motion. Courts may consider any documents that are integral or explicitly relied upon in the complaint.[7] "However, before materials outside the record may become the basis for a dismissal, several conditions must be met."[8] "For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[9] It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document.[10] In this matter, this Court finds that these conditions have been met, and will consequently consider Defendant's attachments.

### B. Facts Alleged in the Complaint

On March 4, 2025, a fire destroyed a residential structure located at 838 Fillman Road in Jersey Shore, Pennsylvania.[11] Shortly thereafter, Plaintiff Susan Eck, the owner of the property and primary policyholder, filed a claim with Defendant.[12] Defendant initially provided Plaintiffs with an estimated coverage limit of over half a million dollars.[13] Defendant then conducted an investigation into the

---

[6] *See* Fed. R. Civ. P. 12(d).
[7] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).
[8] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).
[9] *Id.*; *see also Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).
[10] *Faulkner*, 463 F.3d at 134.
[11] Doc. 1-1 (Compl.) at 3.
[12] *Id.* at 4.
[13] *Id.* at 10.

incident, which included numerous requests for information regarding Plaintiffs' phone calls, financial records, property deeds, termination of internet service, and purchases from retailers.[14] Plaintiffs allege that Defendant made such requests "without providing sufficient explanation as to the reason these requests were made, or how they [would] aid Defendant in its investigation."[15] Plaintiffs rely on these requests, the lack of accompanying justification, and the alleged untimeliness of the investigation to contend that Defendant acted in bad faith in violation of 42 Pa. C.S.A. § 8371.[16]

Defendant ultimately denied Plaintiffs' claim.[17] On March 2, 2026, Plaintiffs filed a Praecipe for Writ of Summons in the Court of Common Pleas of Lycoming County.[18] Plaintiffs then filed a Complaint in Civil Action on April 2, 2026 pursuing two theories: breach of contract and statutory bad faith.[19] Later that month, Defendant filed a notice of removal to this Court.[20] After conferring with Plaintiffs pursuant to this Court's May 6, 2026 Order,[21] Defendant filed this partial motion to

---

[14] *Id*. at 5-6.
[15] *Id.*
[16] *Id.*
[17] Doc. 5 (Br. in Supp. of Mot. to Dismiss) at 3.
[18] Doc. 1 (Notice of Removal) at 1.
[19] *Id.* at 2.
[20] *Id.* at 1.
[21] Doc. 4 (Mot. To Dismiss) at 3.

dismiss pursuant to Fed. R. Civ. P. 12(B)(6).[22] The instant motion seeks to dismiss Plaintiffs' statutory bad faith claim.[23]

### C. Analysis

Title 42 Pa. C.S.A. § 8371 permits a court to award punitive damages, court costs, attorneys' fees, and interest against an insurer found to have acted in bad faith.[24] To prevail on its statutory bad faith claim under 42 Pa. C.S.A. § 8371, a plaintiff must "present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."[25] "[T]he essence of a bad faith claim" is "the unreasonable and intentional (or reckless) denial of benefits."[26] "Claims of bad faith are fact specific and depend on the conduct of the insurer towards its insured."[27] Which is to say, a plaintiff must "plead specific facts as evidence of bad faith and cannot rely on conclusory statements."[28] In the context

---

22 *Id.* at 1-2.

23 *Id.*

24 42 Pa. Cons. Stat. Ann. § 8371 (West 1990).

25 *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); *accord Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 543 (3d Cir. 2012).

26 *Post*, 691 F.3d at 532 (citing *UPMC Health Sys. v. Metro Life Ins. Co.*, 391 F.3d 497, 506 (3d Cir. 2004)).

27 *Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540, 547 (Pa. Super. Ct. 2020) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)).

28 *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co*., 506 Fed. Appx. 133, 136 (3d Cir. 2012)); *see also Flower v. Allstate Prop. and Casualty Ins. Co.*, 3:18-CV-1321, 2019 WL 289833, at *3 (M.D. Pa. Jan. 9, 2019) (stating that in light of *Iqbal* and *Twombly*, "[i]n the bad faith context . . . . the assessment of the sufficiency of a particular complaint often turns on the specificity of the pleadings and calls for recital of specific factual allegations from which bad faith may be inferred in order to defeat a motion to dismiss. *Compare Sypeck v. State Farm Mut. Auto. Ins. Co.*, [ ] 2012 WL 2239730

of bad faith investigatory requests, then, plaintiffs must plead that any requests are "overly broad, unduly burdensome, or not reasonably calculated to the discovery of admissible evidence."[29] Irrelevance must be demonstrated, not merely asserted. But "an insurer does not act in bad faith by investigating and litigating legitimate issues of coverage."[30]

Several cases are instructive. In *Integral Scrap & Recycling, Inc. v. Conifer Holdings, Inc.*, the Court granted the defendant insurer's motion to dismiss.[31] There, the plaintiff claimant pursued a statutory bad faith claim similar to the instant motion. In support, plaintiff alleged that the defendant's investigatory requests for "bankruptcy filings, mutual funds, annuities, life insurance policies and tax returns," were "useless" to the defendant's investigation, and therefore indicative of statutory bad faith.[32] The court found that because the plaintiff's assertions failed to specify "how the documents requested would not support the requirements of proof under

(M.D. Pa. [ ] 2012) *with Zimmerman v. State Farm Mut. Auto. Ins. Co.*, [ ] 2011 WL 4840956 (M.D. Pa. [ ] 2011).") (internal citation and quotation marks omitted).

29 *Integral Scrap & Recycling, Inc. v. Conifer Holdings, Inc.*, No. 2:20-CV-00871, 2021 WL 826747, at *5 (W.D. Pa. Mar. 4, 2021) ("The mere statement that a discovery request is overly broad, burdensome oppressive and irrelevant is not adequate to voice a successful objection.").

30 *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 368 (3d Cir. 2004) (citing *Hyde Athletic Indus., Inc. v. Cont'l Cas. Co.*, 969 F.Supp. 289, 307 (E.D. Pa. 1997)).

31 *Integral Scrap & Recycling, Inc.*, 2021 WL 826747, at *5.

32 *Id.* at *1.

the Defendant's Policy," the allegations were conclusory and insufficient to survive a 12(b)(6) motion to dismiss.[33]

In contrast, *Ridolfi v. State Farm Mutual Automobile Insurance Company* demonstrates how plaintiffs can cure defects in pleading. In *Ridolfi*, my colleague, the Honorable Judge Yvette Kane, initially granted the defendant insurer's motion to dismiss without prejudice.[34] There, the plaintiff claimant alleged statutory bad faith in part due to the defendant's repeated requests for medical records "which [were] irrelevant and duplicative."[35] Judge Kane found that these allegations were "nothing more than conclusory" since they failed to "identify how Defendant's requests for information were irrelevant and duplicative or designed to delay settlement of [plaintiff's] claim."[36] Then, after amending the complaint, the plaintiff survived a motion to dismiss regarding the same statutory bad faith claim only months later.[37] The Honorable Judge Martin C. Carlson later found that the "second amended complaint . . . provides a chronology detailing delays spanning more than

---

33 *Id.* at *5.
34 *Ridolfi v. State Farm Auto Ins. Co.* (*Ridolfi* I), 146 F.Supp.3d 619, 625 (M.D. Pa. 2015).
35 *Id.* at 624.
36 *Id.*
37 *Ridolfi v. State Farm Auto Ins. Co.* (*Ridolfi* II), 2016 WL 1162304, at *4 (M.D. Pa. Mar. 24, 2016).

a year in the resolution of [the] claim, delays caused by [ ] what the plaintiffs describe as an improper investigation . . . ."[38]

Here, Plaintiffs stand similarly to those in *Integral Scrap & Recycling* and, initially, *Ridolfi*. Plaintiffs' statutory bad faith claim mainly concerns requests for records and information which they imply to be irrelevant. Like the plaintiff in *Ridolfi* who initially only claimed that requests for medical records were irrelevant, Plaintiffs here fail to "identify *how* Defendant's requests for information were irrelevant."[39] Plaintiffs are likewise analogous to the plaintiff in *Integral Scrap & Recycling*, who failed to specify "*how* the documents requested would not support the requirements of proof under the Defendant's policy."[40] As the court noted there, "[t]he mere statement that a discovery request is 'overly broad, burdensome oppressive and irrelevant' is not adequate to voice a successful objection."[41] So too here. On its own, the mere statement that investigatory requests were not explicitly justified cannot elevate an otherwise standard insurance inquiry to an act of bad faith.

---

38 *Id.* at *4.
39 *Ridolfi* I, 146 F.Supp.3d at 624 (emphasis added).
40 *Integral Scrap & Recycling, Inc.*, 2021 WL 826747, at *5.
41 *Id*. (emphasis added).

Without more, Plaintiffs plead "nothing more than conclusory" allegations that cannot survive dismissal.[42]

The same goes for Plaintiff's allegation that Defendant failed "to conclude the investigation . . . in a timely manner."[43] Although Plaintiffs are not required to provide a "detailed chronology" over the course of the claim's lifespan as in *Ridolfi*, a conclusory declaration of untimeliness cannot suffice.[44] To allege an undue delay or dilatory tactics, "plaintiff[s] must put forth more than conclusory allegations. The plaintiff must include specific factual matter, for instance 'the number of months between [the] demand and settlement offer' or a description of 'the course of the parties' dealings.'"[45] Otherwise, as is the case here, the pleaded facts do not suggest an untimely investigation by Defendant: the fire occurred in March 2025, with coverage estimates promptly provided thereafter.[46] After some investigation, Plaintiffs filed for writ in the Court of Common Pleas approximately one year later.[47]

---

[42] *Ridolfi* I, 146 F.Supp.3d at 624.
[43] Doc. 1-1 at 5.
[44] *Ridolfi* II, 2016 WL 1162304, at *4.
[45] *Lauf v. Allstate Ins. Co.*, No. 22-65, 2022 WL 991381, at *6 (E.D. Pa. Apr. 1, 2022) (citing *Brown v. LM Gen. Ins. Co., el al.*, No. 21-cv-2134, 2021 WL 3809075, at *3 (E.D. Pa. Aug. 26, 2021)).
[46] Doc. 1-1 at 3-6, 10.
[47] Doc. 1 at 1.

Without more, there are no facts to suggest that Defendant deliberately delayed its investigation, and "certainly not to any level amounting to bad faith."[48]

Accordingly, Plaintiffs' statutory bad faith claim must be dismissed. However, "where a complaint's § 8371 bad faith claim simply relies upon breach of contract allegations, coupled with a conclusory assertion that the failure to pay under an insurance policy was 'unreasonable' or made in bad faith, courts have dismissed such claims, but typically have afforded litigants an opportunity to further amend and articulate their bad faith claims."[49] Plaintiffs are therefore granted leave to amend.

## III. CONCLUSION

Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted. Plaintiffs are granted leave to amend. As such, Plaintiffs will be given fourteen days from today's date to file an amended complaint, should they choose to do so.

An appropriate Order follows.

BY THE COURT:

s/ *Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

48 *Lauf*, 2022 WL 991381, at *6.

49 *Flower*, 2019 WL 289833, at *3 (citing *Wanat v. State Farm Mut., Auto. Ins. Co.*, 4:13-CV-1366, 2014 WL 220811 (M.D. Pa. Jan. 21, 2014); *Cacciavillano v. Nationwide Ins. Co. of Am.*, 3:12-CV-530, 2012 WL 2154214 (M.D. Pa. June 13, 2012)).